UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST**<br>1470 Worldwide Place<br>Vandalia, Ohio  45377<br><br>**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST**<br>1470 Worldwide Place<br>Vandalia, Ohio  45377<br><br><br>**IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST**<br>1470 Worldwide Place<br>Vandalia, Ohio  45377<br><br>      Plaintiffs,<br><br>  v.<br><br>**MILLENNIUM STEEL, INC.**<br>12700 Brooks School Rd.<br>Fishers, IN  46037<br><br>      Defendant. | CASE NO. 3:18-CV-351<br><br>JUDGE<br><br><br><br>**COMPLAINT FOR VIOLATIONS OF ERISA SEEKING DECLARATORY AND INJUNCTIVE RELIEF, COSTS, AND ATTORNEYS' FEES** |

1. This is a suit brought by three employee benefit plans pursuant to Section 502(d) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1132(d), to enforce the terms of the plans' governing plan documents with respect to Millennium Steel, Inc. ("Millennium") obligating to submit to a payroll audit.  This suit is brought pursuant to § 502(a)(3) of ERISA, and seeking equitable relief pursuant to the provisions of ERISA and the attorneys' fees and collection costs incurred as a result of bringing this action.  This suit also seeks post-judgment interest pursuant to Title 28 U.S.C. § 1961.

PARTIES - BENEFIT TRUST

2. Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST** (the "Benefit Trust") was created pursuant to a written Agreement and Declaration of Trust (the "Benefit Trust Agreement"), entered into on August 1, 1952, between various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO (the "Participating Unions") and various employers having collective bargaining agreements ("CBAs") with the Participating Unions involved.  The Benefit Trust Agreement is attached as **Exhibit 1**.  The Benefit Trust Agreement has been amended from time to time.

3. The Benefit Trust was created for the purpose of providing and maintaining life insurance, weekly accident and sickness benefits, hospitalization coverage, medical and surgical coverage, and dental coverage for the benefit of participating employees and their families.  The Benefit Trust is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1).

PARTIES - THE PENSION TRUST

4. Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY PENSION TRUST** ("Pension Trust"), was created pursuant to a written Agreement and Declaration of Trust ("Pension Trust Agreement"), entered into on October 30, 1962, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved.  The Pension Trust Agreement is attached as **Exhibit 2**.  The Pension Trust Agreement has been amended from time to time.

5. The Pension Trust was created for the purpose of providing pension, retirement, and death benefits for participating employees and their beneficiaries.  The Pension Trust is an

employee pension benefit plan within the meaning of Section 3(2) of ERISA, Title 29 U.S.C. § 1002(2).

## PARTIES – ANNUITY TRUST

6. Plaintiff **IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY ANNUITY TRUST** ("Annuity Trust") (hereinafter the Benefit Trust, the Pension Trust, and the Annuity Trust shall be referred to collectively as the "Trusts"), was created pursuant to a written Agreement and Declaration of Trust ("Annuity Trust Agreement") (hereinafter the Benefit Trust Agreement, the Pension Trust Agreement, and the Annuity Trust Agreement shall be referred to collectively as the "Trust Agreements"), entered into on April 27, 1971, between various labor organizations affiliated with the Participating Unions and various employers having CBAs with the Participating Unions involved. The Annuity Trust Agreement is attached as **Exhibit 3**. The Annuity Trust Agreement has been amended from time to time.

7. The Annuity Trust was created for the purpose of providing annuity benefits for participating employees and their beneficiaries. The Annuity Trust is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, Title 29 U.S.C. § 1002(2).

## PARTIES – MILLENNIUM STEEL, INC.

8. Defendant Millennium Steel, Inc. ("Millennium"), is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145 respectively with its principal place of business in the State of Indiana.

## JURISDICTION AND VENUE

9. The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3), (e)(1),(2), (f), and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3), (e)(1)(2), (f), and (g)(2) respectively, which provide that the United States district courts shall have exclusive jurisdiction, without regard to

the amount in controversy, or the citizenship of the parties, to enforce the provisions of ERISA or the terms of the plan.

10. The Trusts' principal place of operation and administration is located in the City of Vandalia, Montgomery County, State of Ohio, and as such, is within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1).

11. This action is properly brought in the United States District Court for the Southern District of Ohio, Western Division, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides that actions to redress violations of ERISA may be brought in a district court of the United States where the plan is administered, and process may be served in any other district where a defendant resides or may be found.

## STANDING

12. Pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1), the Trusts may sue, as entities, for the relief sought in this case.

## THE TRUSTS ARE MULTIEMPLOYER PLANS WITHIN THE MEANING OF ERISA

13. The Trusts are maintained pursuant to one or more CBAs between one or more labor organizations and more than one employer.

14. The CBAs require more than one employer to contribute to the Trusts. Hence, the Trusts are multiemployer plans within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

## RELEVANT COLLECTIVE BARGAINING AGREEMENT

15. At all times relevant to this suit, Millennium has been bound to the terms of the collective bargaining agreement with Iron Workers Local No. 22, Indianapolis, Indiana and Iron

Workers Local No. 70, Louisville, Kentucky (the collective bargaining agreements collectively hereinafter are referred to as "Local Union CBA"), which are Participating Union affiliated with the International Association of Bridge, Structural, and Ornamental Iron Workers.

16. The Local Union CBA establishes the wages, hours, and terms and conditions of employment of Millennium's bargaining unit employees covered thereunder.

17. Among the wages, hours, and terms and conditions of employment established by the Local Union CBA is the requirement that Millennium contribute a certain amount per hour for each covered employee to the Trusts.

18. Each of the Local Union CBAs bind Millennium to the Trust Agreements and all provisions therein.

THE PARTICIPATION AGREEMENT AND COLLECTION POLICY

19. At all times relevant to this action Millennium has been party to one or more agreements, known as the "Participation Agreement," with the Trusts, whereby Millennium agreed to do the following:

> i. to accept, to be bound by, and to comply with the terms and provisions of the Agreements and Declarations of Trust establishing the Benefit Trust, the Pension Trust, and the Annuity Trust, as follows: (a) [t]he Agreement and Declaration of Trust, dated August 1, 1952, and establishing the Benefit Trust, as amended, and as thereafter amended (herein called the "Benefit Trust Agreement"); (b) [t]he Agreement and Declaration of Trust, dated October 30, 1962, establishing the Pension Trust, as amended, and as hereafter amended (herein called the "Pension Trust Agreement"); and (c) [t]he Agreement and Declaration of Trust, dated April 27, 1971, establishing the Annuity Trust, as amended, and as hereafter amended (herein called the "Annuity Trust Agreement"); and
>
> ii. To contribute to the Benefit Trust, the Pension Trust, and the Annuity Trust at the contribution rates contained [by collective bargaining agreements with the International Association of Bridge, Structural, and Ornamental Iron Workers, or its local unions, covering the Defendant's employees].

5

A copy of Millennium's Participation Agreement is attached as **Exhibit 4** to this Complaint.

20. The Participation Agreement binds Millennium to the Trust Agreements.

## COUNT I – MILLENNIUM FAILED TO COMPLY WITH THE TRUSTS' AUDIT DEMAND IN VIOLATION OF SECTION 515 OF ERISA, 29 U.S.C. § 1145

21. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

22. Pursuant to Article III, Section 4 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement, and Article VIII, Section 5 of the Annuity Trust Agreement, Millennium is required to allow the Trusts' authorized agent access to its payroll records for the purpose of a payroll audit.

23. In a letter dated February 12, 2018, the Trusts demanded that Millennium contact Clark, Schaefer, Hackett & Co. ("CSHC"), the Trusts' auditors, to schedule a payroll audit covering work hours performed from August 1, 2016 through January 31, 2018. A copy of this letter is attached as **Exhibit 5**.

24. Millennium failed to provide complete information for the audit and ceased communications with CSHC.

25. The Trusts and CSHC also sent several emails and made several phone calls to Millennium attempting to secure complete information for the audit, without results.

26. On September 18, 2018, after Millennium failed to comply with the Trusts' requests, the Trusts' legal counsel sent Millennium a letter demanding that it contact CSHC to comply with the audit demand by October 2, 2018 or litigation could ensue. A copy of this letter is attached as **Exhibit 6**.

27. Millennium failed to cooperate with CSHC or provide it the documents needed to complete the payroll audit.

28. Article III, Section 4 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement and Article VIII, Section 5 of the Annuity Trust Agreement permit the Trusts to undertake a payroll audit of a contributing employer.

29. Pursuant to Article III, Section 4 of the Benefit Trust Agreement and Article VIII, Section 5 of the Pension Trust Agreement and Annuity Trust Agreement:

> If a 10% shortage appears in an initial examination or a 5% shortage is shown by a subsequent examination, the Employer shall pay all costs associated with that examination.

30. The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), through the issuance of a declaratory order requiring Millennium to pay all costs associated with the audit should a 10% shortage be discovered.

31. Pursuant to Article III, Section 8 of the Benefit Trust Agreement, Article VIII, Section 5 of the Pension Trust Agreement, and Article VIII, Section 5 of the Annuity Trust Agreement:

> If any Employer fails to furnish any necessary employment, personnel, or payroll records in accordance with ordinary auditing procedures, the Trustees may obtain those records through legal action. In such event all service fees, court costs, and actual attorney fees incurred by the Trustees shall be paid by the Employer.

32. The Trusts are seeking to enforce the terms of the Trust Agreements pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), through the issuance of a declaratory order requiring Millennium to comply with the Trusts' demand for a payroll audit in accordance with the Trusts' governing documents.

33. The Trusts are also seeking the issuance of a declaratory order requiring Millennium to pay any unfunded benefits, and other costs and associated attorneys' fees through this Case.

**COUNT II – DEFENDANT DELINQUENTLY REMITTED ITS CONTRIBUTIONS TO THE TRUSTS AND HAS FAILED TO PAY THE REQUIRED LIQUIDATED DAMAGES & INTEREST IN VIOLATION OF THE TRUST AGREEMENTS & ERISA SECTION 515**

34. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

35. Defendant Millennium employed workers whose terms and conditions of employment are set forth in the CBAs. Among the terms and conditions of employment in the CBAs is the requirement that Millennium make fringe benefit contributions to the Trusts on behalf of covered employees.

36. Millennium failed to timely make certain fringe benefit contributions to the Trusts on behalf of their covered employees, as is required by the terms of the Trust Agreements and the Collection Policy for the months of February, March, April, May and August 2018.

37. Millennium's failure and refusal to pay liquidated damages and interest as required under the Trust Agreements

38. This Court has jurisdiction under Sections 502(a)(3), (e)(1),(2), (f), and (g)(2) of ERISA for Millennium's failure to make timely contributions to the Funds as required by Section 515 of ERISA. Further, this Court has supplemental jurisdiction over the Trusts' claims for liquidated damages and interest as such are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

THE BENEFIT TRUST'S CLAIMS AGAINST DEFENDANT

39. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

40. Article III of the Benefit Trust Agreement, to which Millennium has agreed to be bound by virtue of signing the CBAs and the Participation Agreements, requires that Millennium

pay liquidated damages and interest to the Benefit Trust if it delinquently remits contributions.

41. Further, the Collection Policy requires that Millennium pay liquidated damages and interest to the Benefit Trust if it delinquently remits contributions.

42. Millennium has failed and refused to make timely employer contributions to the Benefit Trust as is required by the Benefit Trust Agreement and the Collection Policy.

43. Upon information and belief, as a result of Millennium's failure and refusal to make timely employer contributions to the Benefit Trust, pursuant to Article III of the Benefit Trust Agreement, it owes to the Benefit Trust liquidated damages and interest, which have not been paid.

44. Based on the documents and information that Millennium has provided to the Trusts, it is known to owe the Benefit Trust $12,369.66 in liquidated damages and $3,710.90 in interest for a total of $16,080.56.

45. The Benefit Trust has been forced to bring this legal action to collect the delinquent amounts owed by Millennium, and the Benefit Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article III, Section 8 of the Benefit Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

PENSION TRUST'S CLAIMS AGAINST DEFENDANT

46. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

47. Article VIII of the Pension Trust Agreement, to which Millennium has agreed to be bound by virtue of signing the CBAs and the Participation Agreement, requires that Millennium pay liquidated damages and interest to the Pension Trust if it delinquently remits contributions.

48. Further, the Collection Policy requires that Millennium pay liquidated damages and interest to the Pension Trust if it delinquently remits contributions.

49. Defendant Millennium failed and refused to make timely employer contributions

to the Pension Trust as is required by the Pension Trust Agreement and the Collection Policy.

50. Upon information and belief, as a result of Millennium's failure and refusal to make timely employer contributions to the Pension Trust, pursuant to Article VIII of the Pension Trust Agreement, it owes to the Pension Trust liquidated damages and interest, which have not been paid.

51. Based on the documents and information that Millennium has provided to the Trusts, it is known to owe the Pension Trust $14,973.44 in liquidated damages and $4,492.04 in interest for a total of $19,465.48.

52. The Pension Trust has been forced to bring this legal action to collect the delinquent amounts owed by Millennium, and the Pension Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Pension Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

ANNUITY TRUST'S CLAIMS AGAINST DEFENDANT

53. The allegations contained in the paragraphs of this Complaint immediately preceding this paragraph are alleged as if fully restated herein.

54. Article VIII of the Annuity Trust Agreement, to which Millennium has agreed to be bound by virtue of signing the CBAs and the Participation Agreement, requires that Millennium pay liquidated damages and interest to the Annuity Trust if it delinquently remits contributions.

55. Further, the Collection Policy requires that Millennium pay liquidated damages and interest to the Annuity Trust if it delinquently remits contributions.

56. Defendant Millennium has failed and refused to make timely employer contributions to the Annuity Trust as is required by the Annuity Trust Agreement and the Collection Policy.

57. Upon information and belief, as a result of Millennium's failure and refusal to make

timely employer contributions to the Annuity Trust, pursuant to Article VIII of the Annuity Trust Agreement, it owes to the Annuity Trust liquidated damages and interest, which have not been paid.

58. Based on the documents and information that Defendant Millennium has provided to the Trusts, it is known to owe the Annuity Trust $6,649.78 in liquidated damages, and $1,994.96 in interest for a total of $8,644.74.

59. The Annuity Trust has been forced to bring this legal action to collect the delinquent amounts owed by Millennium, and the Annuity Trust is entitled to its costs and reasonable attorneys' fees pursuant to Article VIII, Section 5 of the Annuity Trust Agreement, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

## PRAYER FOR RELIEF

WHEREFORE, the Trusts request that this honorable Court grant them the following relief:

1. A declaratory order finding that Millennium is bound to the Local Union CBA, the Trust Agreements, and the Participation Agreement.

2. A declaratory order requiring Millennium to schedule a payroll audit with CSHC within seven (7) calendar days of the entry of this order in compliance with the Trust Agreements, and to provide all documents requested by CSHC in furtherance of the payroll audit.

3. A declaratory order requiring Millennium to submit to an onsite payroll audit by CSHC within twenty-eight (28) calendar days of the entry of the Court's order, and requiring Millennium to pay any amounts found to be owed to the Trusts as a result of the payroll audit.

4. A monetary judgment against Millennium in the Trusts' favor for costs associated with the performance of the audit if Millennium is found to owe the Trusts more than ten percent (10%) of the fringe benefit contributions that Millennium originally reported to the Trusts.

5. A monetary judgment against Millennium in the Trusts' favor for the Trusts'

attorneys' fees and other costs of this action.

6. A monetary judgment against Millennium in the Trusts' favor for interest, liquidated damages, costs, and attorneys' fees.

7. That a permanent injunction be issued against Millennium pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Trusts.

8. Post judgment interest pursuant to 28 U.S.C. § 1961 on all amounts found to be owed by Millennium as a result of the payroll audit.

9. Such other legal or equitable relief as this Court deems appropriate.

10. The Trusts also request that this Court retain jurisdiction over this case pending Millennium's compliance with its orders.

        Respectfully submitted,

        /s/ Joseph C. Hoffman, Jr
        Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)
        Joseph D. Mando (Ohio Reg. No. 0082835)
        David M. Pixley (Ohio Reg. 0083453)
        Faulkner, Hoffman & Phillips, LLC
        20445 Emerald Parkway Dr., Suite 210
        Cleveland, Ohio 44135-6029
        Phone: (216) 781-3600
        Fax:   (216) 781-8839
        Email: hoffman@fhplaw.com
        Email: mando@fhplaw.com
        Email: pixley@fhplaw.com

        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2018 a copy of the foregoing Complaint was served via certified mail pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h) on the following:

> Secretary of the Treasury
> Internal Revenue Service
> 1111 Constitution Avenue, N.W., Room 4428
> Washington, D.C.  20224
> Attention: Employee Plans
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, D.C.  20210
> Attention: Assistant Solicitor for
> Plan Benefits Security

Respectfully submitted,

/s/ Joseph C. Hoffman
Joseph C. Hoffman, Jr. (Ohio Reg. No. 0056060)