UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
AT DAYTON

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST., *et al.*, | CASE NO. 3:18-CV-351 |
| Plaintiffs, | JUDGE WALTER H. RICE |
| v. | |
| MILLENNIUM STEEL, INC., | **ORDER** |
| Defendant. | |

This action came before the Court on Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust"), and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust") (collectively the "Trusts" or "Plaintiffs"), Motion for Default Judgment against Defendant Millennium Steel, Inc. ("Defendant" or "Millennium Steel"). This Court now grants Plaintiffs' Motion for Default Judgment against Defendant in its entirety. Accordingly, based on the foregoing this Court **GRANTS** the following relief:

1. A declaratory order finding Millennium Steel to be in violation of the Trust Agreements for failing to submit to timely submit employer and employee fringe benefit contributions to the Trusts.

2. A declaratory order finding Millennium Steel to be in violation of the Trust Agreements comply with the Trusts' auditor's request to examine and review the documents necessary to complete a payroll audit of Defendant.

3. A monetary judgment in Plaintiffs' favor and against Millennium Steel in the amount determined to be owed to the Trusts as a result a completed payroll audit of Defendant and for all costs associated with such audit.

4. A monetary judgment in Plaintiffs' favor and against Defendant Millennium Steel in the amount of **$44,190.78** with said amount representing all known unpaid fringe benefit contributions, interest, and liquidated damages found due and owing to Plaintiffs by Defendant prior to the completion of the ordered payroll audit of Defendant.

5. A monetary judgment against Millennium Steel for the Trusts' reasonable attorneys' fees and other costs associated with this action, thus far, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements in the amount of **$2,687.50**.

6. A permanent injunction against Millennium Steel be issued prohibiting Millennium Steel from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 and the Trust Agreements with respect to the Trusts in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

7. This Case shall remain open and that this Court shall retain jurisdiction over this matter and the parties until a payroll audit of Defendant can be completed and Plaintiffs obtain a judgment for amounts determined to be owed to Plaintiffs as a result a completed payroll audit of the Defendant.

8. Post-judgment interest on all monetary awards pursuant to 28 U.S.C. § 1961.

9. Such other legal or equitable relief as this Court deems appropriate.

10. That this Court retain jurisdiction over this case until Millennium Steel fully complies with this Court's order.

IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT MILLENNIUM STEEL, THROUGH ITS AUTHORIZED REPRESENTATIVES AND PRINCIPALS, IS HEREBY ORDERED TO COMPLY WITH THE TRUSTS' AUDITOR'S REQUEST TO EXAMINE AND REVIEW THE DOCUMENTS NECESSARY TO COMPLETE A PAYROLL AUDIT WITHIN FOURTEEN (14) DAYS OF THE ISSUANCE OF THIS ORDER.

Date: 12.31.18

_____
JUDGE WALTER H. RICE