UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, et al., | Case No. 3:18-cv-00351 |
| Plaintiffs, | District Judge Walter H. Rice<br>Magistrate Judge Sharon L. Ovington |
| vs. | |
| Millennium Steel, Inc., | |
| Defendant. | |

## REPORT AND RECOMMENDATIONS[1]

### I.   Background

This ERISA case is before the Court upon Plaintiffs Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust, Iron Workers District Council of Southern Ohio & Vicinity Pension Trust, and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust's Motion for Judgment and Final Appealable Order. (Doc. No. 28). Defendant Millennium Steel has neither opposed nor responded to Plaintiffs' Motion for Default Judge and Final Appealable Order.

Early in this case, Plaintiffs effected service of summons upon the sole named Defendant—Millennium Steel, Inc. (Doc. No. 3). Millennium Steel failed to file an Answer or otherwise respond to Plaintiffs' Complaint within the allotted time. As a result, and upon Plaintiffs' Application, the Clerk of Court docketed an Entry of Default

---

[1]Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

against Millennium Steel pursuant to Fed. R. Civ. P. 55(a). (Doc. No. 5).

Plaintiffs next filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 6). The Court granted Plaintiffs' Motion and granted them declaratory and other relief. (Doc. No. 7). The Court found "Millennium Steel in violation of the Trust Agreements for failing … to timely submit employer and employee fringe benefit contributions to the Trusts." *Id.*, *PageID* 133. The Court further found Millennium Steel in violation of the Trust Agreements by failing to comply with the Trusts' Auditor's request to submit to a payroll audit. *Id*. As to damages, the Court granted Plaintiffs a monetary judgment, and imposed it upon Millennium Steel, "in the amount determined to be owed to the Trusts as a result [of] a completed payroll audit of Defendant and all related costs associated with such audit." *Id.* at 134. And the Court granted a monetary judgment of $44,190.78 in favor of Plaintiffs and against Millennium Steel "with said amount representing all known unpaid fringe benefit contributions, interest, and liquidated damages found due and owing to Plaintiffs by Defendant prior to completion of the ordered payroll audit of Defendant." *Id*. Adding $2,687.50 in attorney fees, the total amount of this judgment equaled $46,878.28.

Ensuing garnishment proceedings led a Garnishee to submit to the Clerk of Court $27,037.92. The Court directed the Clerk to distribute this amount to Plaintiffs' counsel in partial satisfaction of the previous $46,878.28 judgment.

Meanwhile, contempt proceedings were required to secure Defendant's submission to a complete payroll audit. Defendant eventually submitted to the payroll audit, leading Plaintiffs to file their presently pending Motion for Default Judgment.

(Doc. No. 28, *PageID* 204).

**II.    Discussion**

In light of the previous Entry of Default and Default Judgment against Millennium Steel in this case, there is no controversy over the truth of the facts related to liability asserted in Plaintiffs' Complaint.  *See United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007) ("upon the entry of a default judgment, Conces's liability was deemed to be established as a matter of law and the factual allegations of the complaint were no longer open to dispute."); *Iron Workers Dist. Council of Southern Ohio & Vicinity Ben. Trust v. Wortman Bros. LLC*, 3:13CV148, 2014 WL 3458563, at *1 (S.D. Ohio 2014) (Rice, J.) (citing *Stooksbury v. Ross,* Case No. 12-5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013)).  "However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits."  *Wortman Bros.*, 2014 WL 3458563, at *1 (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)); *see Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009).

Defendant Millennium Steel's failure to answer or otherwise respond to Plaintiff's Complaint together with its inaction in the face of Plaintiff's Motions—including their presently pending Motion for Judgment and Final and Final Appealable Order—leaves no doubt that Millennium Steel has no intention of defending in this case.  Therefore, default judgment, damages on the default judgment, and a final appealable order are warranted against Millennium Steel.

Plaintiffs' Motion and attached affidavits and evidence establishes that the complete payroll audit of Millennium Steel for the period of January 1, 2017 through December 31, 2018 established that it owes to Plaintiffs $228,391.98 in unpaid fringe benefit contributions; $62,424.73 in unpaid interest; and $45,678.44 in liquidated damages. (Doc. No. 28, *PageID* 218, Aff. Gotthardt, ¶8). In addition to these amounts owed to Plaintiffs (as a result of the completed payroll audit), the delinquent contributions report that Millennium Steel submitted to Plaintiffs together with the formulas contained in the collection policy[2]…," *see id*. at ¶9 (footnoted added), establish that Millennium Steel owes Plaintiff $99,469.78, this amount representing all known unpaid fringe benefit contributions, interest, and liquidated damages found due and owing to Plaintiffs by Millennium Steel. *Id*. (citing Exhibit 2).

Millennium Steel is also liable for the reasonable attorney fees and costs Plaintiffs incurred in this Case. *See* Doc. No. 1, Exhibits 1-3; Article III, Section 8 of the Benefit Trust Agreement and Article VIII, Section 5 of the Pension and Annuity Trust Agreements. Through October 22, 2019, Plaintiffs have expended of $12,929.78 in attorney fees and $6,700.00 for auditor fees in unrecovered reasonable attorney fees and costs to collect the delinquent amounts owed by Millennium Steel. *See* Doc. No. 28, *PageID* 218, Aff. Gotthardt, ¶s 10-11). These amounts owed by Millennium Steel for Plaintiffs' attorney fees and costs are fair and reasonable. Defendant Millennium Steel, moreover, is directly responsible for the accumulation of attorney fees and costs paid or

---

[2]Referring to the Collection and Control Policy for Employer Contributions and Reports. *See* Doc. No. 28, *PageID* 218, ¶6.

4

owed by Plaintiffs in this case.

Accordingly, Plaintiffs are entitled to the default judgment and remedies they presently seek, including the docketing of a final appealable order.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiffs' Motion for Judgment and Final Appealable Order (Doc. No. 28) be **GRANTED**, and a default judgment be entered in favor of Plaintiffs and against Defendant Millennium Steel, LLC, awarding the following relief:

1. A declaratory order finding Millennium Steel to be in violation of the Trust Agreements for failing to submit to timely submit employer and employee fringe benefit contributions to the Trusts.

2. A monetary judgment in Plaintiffs' favor and against Defendant Millennium Steel in the amount of $228,391.98 in unpaid fringe benefit contributions, $62,424.73 in unpaid interest, and $45,678.44 in liquidated damages as determined to be owed to the Trusts as a result the completed payroll audit of Defendant Millennium Steel for the period of January 1, 2017 through December 31, 2018 together with a monetary judgment in Plaintiffs' favor and against Defendant Millennium Steel in the additional amount of $99,469.78 for unpaid fringe benefit contributions, interest, and liquidated damages due and owing to Plaintiffs by Defendant for a total amount due and owing the Plaintiffs by Defendant for unpaid fringe benefit contributions, interest, and liquidated damages of **$435,964.93**.

3. A monetary judgment against Millennium Steel for Plaintiffs' reasonable attorney fees and other costs associated with this action, thus far, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements in the amount of **$12,929.78** for attorney fees and **$6,700.00** for auditor fees.

4. A permanent injunction against Millennium Steel prohibiting Millennium Steel from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 and the Trust Agreements with respect to the Trusts in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

5. Post-judgment interest on all monetary awards pursuant to 28 U.S.C. § 1961.

6. This Court retain jurisdiction over this case until Millennium Steel fully complies with this Court's orders.

7. A finding that the Judgment Entry is a final appealable judgment entry pursuant to 28 U.S.C. § 1291.

October 26, 2020                                     *s/Sharon L Ovington*
                                                                Sharon L. Ovington
                                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).