# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST, et al., | : Case No. 3:18-cv-00351 : : District Judge Walter H. Rice : Magistrate Judge Sharon L. Ovington |
| Plaintiffs, | : |
| vs. | : : |
| MILLENNIUM STEEL, INC., | : : |
| Defendant. | : |

## DECISION AND ENTRY ADOPTING IN FULL THE REPORT AND RECOMMENDATIONS DOCKETED ON OCTOBER 26, 2020 (Doc. No. 35)

The Court has conducted a *de novo* review of the Report and Recommendations of United States Magistrate Judge Sharon L. Ovington (Doc. No. 35), to whom this case was originally referred pursuant to 28 U.S.C. § 636(b). Noting that no objections have been filed and that the time for filing such objections, if any, under Fed. R. Civ. P. 72(b), has expired, this Court hereby adopts said Report and Recommendations.

It is therefore **ORDERED** that the Report and Recommendations docketed on October 26, 2020 (Doc. No. 35) is ADOPTED in full; Plaintiffs' Motion for Judgment and Final Appealable Order (Doc. No. 28) is GRANTED; and the Clerk of Court is ordered to enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) in favor of Plaintiffs and against Defendant Millennium Steel, Inc., awarding the following relief:

1. A declaratory order finding Millennium Steel to be in violation of the Trust Agreements for failing to submit to timely submit employer and employee

fringe benefit contributions to the Trusts.

2. A monetary judgment in Plaintiffs' favor and against Defendant Millennium Steel in the amount of $228,391.98 in unpaid fringe benefit contributions, $62,424.73 in unpaid interest, and $45,678.44 in liquidated damages as determined to be owed to the Trusts as a result the completed payroll audit of Defendant Millennium Steel for the period of January 1, 2017 through December 31, 2018 together with a monetary judgment in Plaintiffs' favor and against Defendant Millennium Steel in the additional amount of $99,469.78 for unpaid fringe benefit contributions, interest, and liquidated damages due and owing to Plaintiffs by Defendant for a total amount due and owing the Plaintiffs by Defendant for unpaid fringe benefit contributions, interest, and liquidated damages of **$435,964.93**.

3. A monetary judgment against Millennium Steel for Plaintiffs' reasonable attorney fees and other costs associated with this action, thus far, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements in the amount of **$12,929.78** for attorney fees and **$6,700.00** for auditor fees.

4. A permanent injunction against Millennium Steel prohibiting Millennium Steel from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 and the Trust Agreements with respect to the Trusts in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

5. Post-judgment interest on all monetary awards pursuant to 28 U.S.C. § 1961.

6. This Court retain jurisdiction over this case until Millennium Steel fully complies with this Court's orders.

7. A finding that the Judgment Entry is a final appealable judgment entry pursuant to 28 U.S.C. § 1291.

**IT IS SO ORDERED.**

11-25-2020

Walter H. Rice
United States District Judge